```
UNITED STATES DISTRICT COURT                                              C/M
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                                           :
SOUDABEH TEHRANI,                                          :
                                                           :
                              Plaintiff,                   :
                                                           :     MEMORANDUM
                 - against -                               :     DECISION AND ORDER
                                                           :
THE TOWN OF OYSTER BAY HOUSING                             :     18-cv-2450 (BMC) (LB)
AUTHORITY, et al.,                                         :
                                                           :
                                                           :
                              Defendants.                  :
                                                           :
---------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff *pro se* brought this action against a number of people and agencies for various perceived wrongs. By order dated April 9, 2019, the Court dismissed plaintiff's second amended complaint with leave to amend within 14 days only against The Town of Oyster Bay Housing Authority and its employees for housing discrimination, retaliation, and fraud. Plaintiff requested two extensions of time to file a third amended complaint and the Court granted both requests. The Court directed plaintiff to file her third amended complaint by June 14, 2019 but plaintiff has not filed a third amended complaint.

Instead, plaintiff filed a series of letters addressed to defendant The Town of Oyster Bay Housing Authority and Chief Judge Dora Irizarry in which she stated, among other things, that submitting a third amended complaint "no longer makes any sense … ." Even if plaintiff had filed a third amended complaint that contained allegations similar to the allegations contained in these letters, the third amended complaint would have been dismissed. In these letters, plaintiff

fails to allege any facts showing that defendants committed fraud, discriminated against plaintiff, or took adverse action against her because of her complaints about discrimination.

The Court's April 9 order also directed plaintiff to show cause why the docket should not be unsealed in its entirety. In response, plaintiff reiterated her request that the docket be sealed because of domestic violence but has not explained why unsealing the docket would threaten her privacy or safety.

Plaintiff's letters also seek my recusal from this case for my alleged bias against her, but this request is denied. 28 U.S.C. § 455(a). The ultimate inquiry under 28 U.S.C. § 455(a) is whether "a reasonable person, knowing all the facts, [would] conclude that the … judge's impartiality could reasonably be questioned?" United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir. 1992). The rules "governing recusals … do not offer bright-line guidelines," but there are some circumstances that may warrant recusal: "when a judge expresses a personal bias concerning the outcome of the case at issue;" "when a judge has a direct personal or fiduciary interest in the outcome of the case;" and "if a judge has had contemporaneous extrajudicial contact with a close relative of a party who has personal knowledge of outcome-determinative facts." Id.

However, "judicial rulings alone almost never constitute a valid basis for a bias or a partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Judicial rulings "cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required … when no extrajudicial source is involved." Id. Rather, judicial rulings "are proper grounds for appeal, not for recusal." Id.

Recusal is not warranted here. I have no interest in the outcome of this case; I have had no extrajudicial contact with anyone involved in this case; and I have not expressed any bias regarding this case. It appears that plaintiff's sole basis for seeking my recusal is her

disagreement with my April 9 order. To the extent plaintiff would like another judge to review my dismissal of her claims, the proper remedy is appeal, not recusal.

This case is dismissed and the Clerk is directed to enter judgment. The Clerk is also directed to unseal the docket and all documents in this case in their entirety. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                                           _____
                                                                                                                  U.S.D.J.

Dated: Brooklyn, New York
       June 18, 2019